# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS FRANKLIN WOODY,**

      **Plaintiff,**

**v.**                                                                                        **1:07cv93**
                                                                                        **(Judge Keeley)**

**WARDEN JOYCE FRANCIS;**
**LIEUTENANT SLIGER;**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 9, 2007, the *pro se* plaintiff, initiated this case by filing a complaint pursuant to the Federal Tort Claim Act ("FTCA"). On July 17, 2007, the plaintiff was granted leave to proceed *in forma pauperis*. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. THE COMPLAINT

It would appear from the plaintiff's complaint that he filed an administrative tort claim on November 6, 2006, for personal property which was misplaced when he was placed in administrative detention at the Gilmer Federal Correctional Institution. According to the plaintiff, he was then called to the Lieutenant's Complex at Gilmer on February 5, 2007, and was told that if he signed a release, his personal property would be replaced. That same day, he was offered a grey large sweatshirt and a pair of white, leather upper Reebok DMX size 9 tennis shoes. The plaintiff indicates that he did a visual inspection of the property and signed the release.

On February 6, 2007, the plaintiff was again placed in administrative detention for an

investigation and was released on March 6, 2007. The plaintiff alleges that he wore the Reebok shoes for approximately one and one half weeks after his release from administrative detention before the seam on the right side of the left shoe came apart. The plaintiff alleges that Lt. Slinger specifically stated "...Just hold on to them, I'll get you something to replace it." The plaintiff then took the shoe to the Paint Department at Gilmer, where silicone was applied to the open area and tape was placed on the shoe for twenty-fours while the silicone dried. After twenty-four hours, the plaintiff alleges he put the shoes on, and within six hours the seam had come apart again. The plaintiff returned to the Paint Department and Liquid Nail was applied to the seam. This remedy did not work either, and the plaintiff alleges that Lt. Sliger said "..he would take care of it."

The plaintiff maintains that he did not wear the shoes for two weeks waiting for Lt. Slinger to exchange or replace them. However, because his only other shoes were institutional issue work boots, he attempted to hand sew the seam with dental floss. He showed the repair job to Lt. Slinger, who indicated: "I'll still take care of it, don't worry."

Over the course of the next several months, the plaintiff maintains that Lt. Slinger would tell him to see him, and although he diligently made contact as directed, Lt. Slinger always had an excuse for not doing anything at that time. The plaintiff further alleges that Lt. Slinger eventually told him that he would be placed in the Special Housing Unit ("SHU") if he asked him about it one more time. Consequently, the plaintiff maintains that he did not inquire further of Lt. Slinger for over a month. However, on June 26, 2007, the plaintiff claims he asked Lt. Slinger about the shoes and received the following reply: "I'm not here today."

Because he anticipated being released on or about August 7, 2007, the plaintiff indicates that he filed the instant complaint because he wanted immediate action. The plaintiff indicates that he believes he is entitled to the full amount of his requested claim due to the intentional indifference and

willful neglect of his right to properly and satisfactorily resolve this claim. As relief, the plaintiff seeks compensatory damages in the amount of $2,000 from each of the two defendants and punitive damages in the amount of $5,000 from each of the two defendants.

## II. Plaintiff's Motion for Summary Judgment

On September 24, 2007, the plaintiff filed a "Motion To Issue Summary Judgment For Punitive Damages And To Withdraw Compensatory Claim In Receipt Of Payment By Defendants. In support of this motion, the plaintiff tendered a Voucher for Payment in the amount of $404.60 from the Department of the Treasury. Signed by the plaintiff on September 10, 2007, the Voucher indicates that the plaintiff was paid $404.60 for the loss of his property when he was transferred to the SHU. Part B of the form indicates that the plaintiff, as claimant, accepts the award as final and conclusive and acknowledges that it constitutes a complete release by him of any and all claims arising out of the damages to his property. (Doc. 12, p. 3)

In his motion, the plaintiff indicates that is was his understanding after conversation with counsel for the defendants that they could not compensate him for punitive request awards because that was at the discretion of the court. The plaintiff argues that the payment of $404.60 demonstrates complete liability on the part of the defendants. Therefore, the plaintiff requests "Summary Judgment" in the amount of $5,000 for punitive damages[1] as compensation for the pain and suffering that the defendants caused him, especially by threatening to place him in the SHU for requesting the status of his claim at the institutional level.

## III. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the

---

[1]This is half the amount he requested in his complaint.

Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

---

[2] Id. at 327.

Here, the plaintiff is satisfied with the compensation that he was paid for his lost property but maintains that he is entitled to punitive damages. However, 28 U.S.C. § 2674 provides as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, **but shall not be liable for interest prior to judgment or for punitive damages.**

(Emphasis added).

Accordingly, this Court does not have the authority to entertain plaintiff's demand for punitive damages, and the plaintiff's claim has no chance for success.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the plaintiff's Motion (Doc. 12) be **DENIED** with respect to his request for punitive damages and **GRANTED** with respect to his request to withdraw his compensatory claim; and (2) the complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: March 25, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE